In re Estate of Hezekiah Brown, Deceased.
Almonia Hobson Brown

*v.*

Charlie Mai Jordan.

454 S.W.2d 122.

(*Nashville,* December Term, 1969.)

Opinion filed May 4, 1970.

Denney, Lackey, Chernau & Castleman, Nashville, for appellant.

Dan Garfinkle and Jacobs H. Doyle, Nashville, for appellee.

Mr. Justice McCanless delivered the opinion of the Court.

Hezekiah Brown died on March 10, 1967, and on March 20, 1967, Charlie Mai Jordan, his executrix, caused his will to be probated in the Probate Court of Davidson County. Charlie Mai Jordan, except for nominal bequests of a dollar each to the testator's widow and children, was the sole beneficiary of the will. Almonia Hobson Brown, the widow, on April 10, 1967, filed with the clerk a notice of her dissent to the will and on the next day her lawyers notified the executrix and her lawyers of her dissent. It does not appear from the record that she at any time appeared before the judge of the court while the court was in session to signify her dissent, and the court entered no order reciting the fact of her dissent.

The widow's lawyers on October 1, 1968, moved to require the executrix to file her accounting and on October 4, 1968, the clerk issued her a notice to appear on October 14, 1968, and file her inventory; in obedience to the notice the executrix filed an inventory on that day.

The widow on February 11, 1969, which was more than nine months after the will had been probated, moved for an order to have her dissent spread on the minutes of the court. The court denied the motion on the ground that there was no showing that the widow had "appeared in open court to give notice of her dissent nor was any order spread on the minutes with reference to said dissent." The widow made a motion to rehear to which the executrix demurred. The court sustained the demurrer and granted the widow an appeal to the Court of Appeals who transferred it to this Court.

The appeal is on the technical record which does not contain a bill of exceptions and is unusual in that it is from a decree denying a rehearing.

The question for us to determine is whether the widow's actions were in substantial compliance with the requirements for dissent which appear in the first paragraph of Section 31-605, Tennessee Code Annotated:

"A widow may dissent from her husband's will:

"(1) Where a satisfactory provision in real or personal estate is not made for her, in which case she shall, in writing, signify her dissent in open court, to be entered of record, within nine (9) months after the probate of the will."

For a dissent to be complete and effective the widow, within nine months after probate, must "signify her dissent in open court" and the notice of her dissent must be "entered of record". The widow has the responsibility

of meeting these requirements of the statute. She did not meet them and is not therefore entitled to relief.

The decree of the county judge is affirmed at the cost of the appellant and her sureties.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and JENKINS and SMITH, SPECIAL JUSTICES, concur.